UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:23-cv-926-GAP-RMN

GLOBAL SUPPLIES NY, INC.,

       Plaintiff,

 v.

AARYN APRIL FULLER
AKA AARON FULLER,
individually, and
SUNWARRIOR VENTURES,
LLC, a Utah Limited Liability
Company, and

       Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff Global Supplies NY, Inc. ("GSNY") for its Complaint against

Defendant Aaryn April Fuller aka Aaron Fuller ("Fuller"), individually, and

Sunwarrior Ventures, LLC ("SVL") (collectively "Defendants"), hereby alleges as

follows:

### NATURE OF THE ACTION

1.     This is an action for declaratory relief seeking an order declaring that

Plaintiff does not infringe or counterfeit Defendant's asserted and purported

trademark.  This is also an action under 15 U.S.C. § 1125 for false or misleading

1

representation, unfair competition, and product disparagement. This is also an action against Defendants for defamation.

### PARTIES

2.     Plaintiff Global Supplies NY, Inc. (display name: Brand Name Deals) is a corporation organized and existing under the laws of the State of New York and maintains a principal place of business in Brooklyn, New York.

3.     GSNY is a business that operates within a market niche which serves as a valuable, efficient segment of the economy.  Succinctly, the model is buying sealed product exactly as put into the stream of commerce by the manufacturer—sourced from an authorized distributor—and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount.

4.     Sunwarrior Ventures, LLC is a Utah limited liability company engaged in the business of manufacturing and marketing "plant-based proteins and superfood supplements." https://sunwarrior.com/pages/about-us

5.     Upon information and belief, Defendant Fuller is a natural person and resident of Casselberry, Seminole County, Florida.

6.     Upon information and belief (specifically, Amazon's take-down notice to Plaintiff identifying Fuller as Sunwarrior contact for complaint

retraction purposes, Exhibit 1 hereto) Fuller represents SVL vis-a-vis their presence on Amazon.  Fuller is highly skilled at manipulating Amazon processes to achieve the elimination of sellers whose sales are deemed harmful to SVL brand image and/or profits.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Plaintiff's declaratory relief claims under 28 U.S.C. §§ 2201 and 2202.  This Court also has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims for unfair competition pursuant to 15 U.S.C. § 1125(a) arise under the laws of the United States.  This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.  This Court also has original subject matter jurisdiction over the claims in this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendant (and defendants' LLC members) and the amount in controversy exceeds $75,000.

8.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§

1391(b)(2) and by Plaintiff's choice of venue.

## GENERAL ALLEGATIONS

### Plaintiff's Amazon Listings and Related Products

9.      GSNY became a third-party seller on Amazon in 2010. To

become an Amazon seller GSNY (as does every Amazon seller, including

SVL) signed Amazon's standard Business Solutions Agreement that, among

other things, allowed Amazon to terminate GSNY as a seller for any reason

or for no reason at all.

10.     Listing on the Amazon marketplace has become a relationship

driven endeavor between sellers like GSNY and Amazon.com.

11.     Over time, Amazon's internally graded metrics (identified as

"Account Health") will drive and determine the success of any third-party seller

on Amazon's marketplace platform.

12.     Over the last 12 months GSNY has received a 9 9 % positive

feedback rating  from Amazon and positive internal performance metrics.

13.     At all times material hereto, all of the GSNY products appearing in

Plaintiff's Amazon listings had been legally purchased from distributors on the

secondary market, were authentic and genuine products, and were legally being

offered for sale.

14.     Upon information and belief, Amazon considers several factors in

assigning product sales visibility on its marketplace ratings, including direct buyer feedback and buyer complaints and brand owner trademark and copyright complaints relating to alleged intellectual property violations among other factors.

15.     Upon information and belief, Amazon will reward and penalize third-party sellers by increasing and decreasing and outright removing the visibility of their offerings to customers shopping on the Amazon marketplace platform.

16.     For example, a seller such as GSNY, with positive 12-month seller feedback of 9 9 %

and positive internal performance metrics, will enjoy high product offering visibility and crucial BuyBox prominence.

17.     When this delicate business condition is disturbed by way of customer service erosion or unfounded and maliciously claimed intellectual property violations by brand owners, the entire seller-Amazon dynamic is degraded.

18.     As set forth below, Defendants' actions have not only caused customer visibility of

GSNY branded products offered by GSNY to be removed and be replaced by third- party sellers with higher performance ranks, but also caused GSNY

account to be at risk of suspension, experience lost sales, lost profits, loss of

goodwill, lost business opportunities, lost customers, and damage to its business

reputation.

19.    If Defendants' actions continue, GSNY's sales will further decline

and its account will be flagged, stricken, or suspended as an intellectual property

offender.

20.    At all relevant times GSNY has sold only genuine products through

its Amazon marketplace listings, including but not limited to the genuine

products sold under the following Amazon marketplace listings (the "Accused

Listing"):

> ASIN: B0728KH7BX Title: Sunwarrior Vegan Protein Powder
> with BCAA ! Organic Hemp Seed Protein Gluten Free Non-GMO
> Dairy Free Soy Sugar Free Low Carb Plant Based Protein Powder !
> Vanilla 30 SRV 750 G ! Warrior Blend

**Plaintiff's Lawful Sales of Defendant's Products**

21.    Upon information and belief, SVL produces "Sunwarrior" branded

products including the product associated with the Accused Listing.

22.    SVL is a competitor of Plaintiff in the field of plant-based

proteins and superfood supplements.

23.    Plaintiff lawfully purchased authentic SVL products associated with

the Accused Listing, which it later offered for re-sale on the Amazon

marketplace.

24.     No contract exists between SVL and Plaintiff concerning Plaintiff's re-sale of "Sunwarrior" branded products in the United States.

25.     When SVL first sold its products upstream of GSNY, it did not retain ownership of those particular products. Once Plaintiff lawfully purchased SVL's manufactured products downstream, Plaintiff owned the products. Thereafter, Plaintiff lawfully re-sold the products

under the first sale doctrine.

## Defendants' Unlawful Conduct

26.     On or about January 20, 2023, GSNY received a notice from Amazon informing GSNY that the Accused Listing was removed from the Amazon marketplace.  A true and correct copy of the notice ("Notice") is attached hereto as **Exhibit 1**.

27.     The Notice identified defendant Fuller as the SVL contact through which to seek a retraction of SVL's underlying complaint to Amazon, known as an Intellectual Property Complaint ("IPC").

28.     Defendant Fuller is thus engaged as SVL's brand enforcement functionary who personally interacts with Amazon and SVL in the elimination of unwanted competition from Amazon third-party sellers such as Plaintiff.

29.     Defendants alleged the product associated with the Accused Listing was counterfeit (sometimes referred to as "trademark counterfeiting," but

referred to hereinafter as "Counterfeit") even though Plaintiff lawfully

purchased and re-sold the authentic SVL products under the first sale doctrine.

30.     The Notice  stated that the Accused Listing was removed after the

rights owner (SVL) reported same as counterfeit.  Specifically, the notice stated:

> We received a report from a rights owner that you are listing
> counterfeit products. Sellers on Amazon.com are not allowed to
> create listings or detail pages for counterfeit goods.
> We removed the content listed at the end of this email. We may
> let you list this product again if we receive a retraction from the
> rights owner. Their contact information can be found below.
>
> Aaron Fuller
> aaron.fuller@sunwarrior.com

31.     The Notice connects Fuller to the infringement alleged; specifically,

that Fuller has, in failing to separate her acts from the acts of SVL, created a nexus

between the misuse of the corporate form as a mere instrumentality or alter ego

to commit the wrongful acts alleged. Specifically, Plaintiff is informed and

believes that Fuller had actual involvement in the activities that constitute false

or misleading representation of fact, unfair competition, product disparagement,

violation of Florida Deceptive and Unfair Trade Practices, tortious interference

with business relationships, defamation, and trade libel complained of herein,

including specifically submitting the improper IPC to Amazon.  Fuller knows

that her acts and omissions  as herein alleged will likely result in a takedown of

GSNY products from the Amazon marketplace and could result in outright

suspension from the platform as to all of GSNY's Amazon selling activities.

32.     Plaintiff is informed and believes that Fuller has individually

participated in improper conduct directly connected to the acts alleged herein,

specifically by offering to and thereafter effecting SVL's improper acts of "brand

enforcement" and is therefore a moving, conscious, dominant and active force

behind the wrongful acts alleged herein.

33.     As a brand enforcer for SVL, based on the detailed acts of

wrongdoing she engaged in, Fuller is personally liable for her wrongful conduct

even if committed on behalf of SVL.

34.     The allegations of Counterfeiting in the Notice are false, and

Defendants knew or should have known upon submitting the IPC to Amazon that

the statements contained therein were false. As a result of Defendants' IPC to

Amazon, Plaintiff's "Sunwarrior" branded products were removed from the

marketplace thereby causing lost sales and damage to Plaintiff's business.

35.     Upon information and belief Defendants represented under penalty

of perjury that they had a good faith belief that Plaintiff had offered Counterfeit

products on vis-à-vis the accused listing.

36.     Upon information and belief, upon submitting the IPC to Amazon,

Defendants did not have a good faith belief that the product offered for sale in

the Accused Listing was counterfeit. The IPC contained false statements and misrepresentations concerning counterfeiting. Defendants knew or should have known the IPC contained false statements and misrepresentations concerning counterfeiting.

37.     The product offered for sale complained of in the IPC was authentic SVL product which Plaintiff lawfully purchased and re-sold pursuant to the first-sale doctrine.

38.     The Accused Listing complained of in the IPC did not infringe SVL's trademarks, or otherwise violate SVL's intellectual property.

39.     But for Defendants' willful misrepresentations in the IPC concerning alleged counterfeiting, Amazon would not have removed the Accused Listing. In the Notice Amazon informed GSNY that "[w]e may let you list this product again if we receive a retraction from the rights owner." Furthermore, however, Amazon advised "[w]e consider allegations of counterfeit a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com."  The danger of Defendants' IPC, in part, is that another false counterfeit complaint could tip the scales toward a suspension of selling privileges even though Plaintiff did nothing wrong to either complainant.

40.     As a direct result of Defendant's unsupported accusations and IPC

to Amazon, Plaintiff's "Sunwarrior" branded Accused Listing on the Amazon marketplace has been negatively affected.

41.    Plaintiff emailed each Defendant seeking a retraction of the IPC, but neither Defendant responded to Plaintiff.

42.    As a result of Defendants' actions, Plaintiff has expended time and resources, has lost sales, and is unable to continue to sell its products on Amazon under the Accused Listing. Plaintiff has also suffered damage to its reputation as a top-rated seller on Amazon. For example,

and among other damages, the termination of the Accused Listing damaged Plaintiff by causing Amazon to place Plaintiff's product listings toward the back of the search query list for Plaintiff's products, thereby making Plaintiff's products more difficult to find and resulting in damage to its reputation as a popular and trusted seller of plant-based proteins and superfood supplements. As a result of the terminated listing, Plaintiff expended time and resources to improve its online visibility and reputation and return its listings to the top of the search results.

43.    Plaintiff is informed and believes, and thereon alleges, that Defendants' wrongful acts alleged in this Complaint are willful and deliberate.

44.    Defendants' wrongful acts alleged in this Complaint have caused damage to Plaintiff in an amount to be determined at trial, and such damages will

continue to increase unless Defendants are enjoined from their wrongful actions and infringement.

45.     Defendants' wrongful acts alleged in this Complaint have caused Plaintiff to suffer irreparable injury to its business.

46.     Plaintiff will continue to suffer substantial loss of goodwill and reputation unless and until Defendants are enjoined from their wrongful actions complained of herein.

## COUNT I
## DECLARATORY JUDGMENT OF NON- COUNTERFEITING

47.     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-46 above.

48.     Defendants have asserted claims against Plaintiff for purported violation of its purported trademark rights in products associated with the Accused Listing.

49.     Plaintiff contends that it has never infringed on any of SVL's purported trademarks, and in particular, its purchase and resale of products associated with the Accused Listings are of authentic product and otherwise lawful under the first-sale doctrine.

50.     Defendants requested removal of Plaintiff's products associated with the Accused Listing or otherwise complained to Amazon about the alleged counterfeiting.

51.     Plaintiff continues, e.g. with this lawsuit, to attempt to sell its products on Amazon while Defendants have already caused the removal of the Accused Listing.

52.     Upon information and belief, Defendants plan to continue to interfere with Plaintiff's business in the aforementioned manner for the indefinite future.

53.     Plaintiff seeks to sell its SVL branded products on Amazon and elsewhere on the Internet, but as a result of Defendants' actions, is unable to do so.  As a result, Plaintiff continues to lose profits and suffer damage to its business and reputation.

54.     As a result of Defendants' assertion of claims against Plaintiff for infringement of SVL's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

55.     There is a real and actual controversy between Plaintiff and Defendants regarding whether the continued sale of Plaintiff's products is lawful or whether it infringes SVL's rights.

56.     On information and belief Amazon policy provides that Amazon will reverse adverse action taken upon Defendants' IPC if this Court issues an Order declaring Plaintiff to be clear of the alleged counterfeiting.

57.     Plaintiff therefore seeks an order declaring that Plaintiff did not and

does not violate SVL's purported intellectual property rights.

## COUNT II
## FALSE OR MISLEADING REPRESENTATION, UNFAIR COMPETITION, AND PRODUCT DISPARAGEMENT PURSUANT TO 15 U.S.C. § 1125

58.     Plaintiff incorporates by reference and realleges each of the

allegations set forth in Paragraphs 1-46 above.

59.     This is a claim for false or misleading representation of fact, unfair

competition, and product disparagement under 15 U.S.C. § 1125(a).

60.     Under the Lanham Act, "any person" may be held personally liable

for false or misleading representation, unfair competition and product

disparagement if such person is a moving, active conscious force behind the

corporation's wrongful conduct.

61.     Fuller is a moving, active conscious force behind the acts of SVL.

62.     Plaintiff and SVL compete in the plant-based proteins and

superfood supplements  industry.

63.     Plaintiff has a commercial interest in its commercial and business

reputation.

64.     Plaintiff has established a business reputation as a popular and

trusted seller of plant-based proteins and superfood supplements  on

Amazon's online marketplace.

65.     Defendants knowingly made false, misleading, disparaging and

defamatory statements in commerce, through the IPC to Amazon, of counterfeiting relating to the products associated with Plaintiff's Accused Listing. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are counterfeit, thereby materially effecting their decision and ability to purchase Plaintiff's products.

66.   Defendants' IPC was designed to advance SVL's business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing SVL's market share of customers interested in purchasing "Sunwarrior" branded products.

67.   Defendants made the above-referenced false and disparaging statements in commercial promotion of SVL's own product, in direct competition with Plaintiff's product, in an effort to drive sales away from Plaintiff and toward SVL.

68.   Defendants' false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the IPC to Amazon so as to constitute advertising.

69.   Defendants' false and misleading representation of Plaintiff's alleged counterfeiting have misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these

misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

70.     The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff because, as a result of Defendants' IPC, Amazon has replaced customer visibility of products offered by GSNY with those offered by third-party sellers with higher performance ranks, including SVL's listings on Amazon.

71.     Defendants made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

72.     Plaintiff is informed and believes, and thereon alleges, that Defendants had actual knowledge that Defendants had no support whatsoever for the IPC that Defendants submitted to Amazon in connection with the Accused Listing, and Defendants acted with the intent that the Accused Listing be removed from the Amazon marketplace prohibiting consumers from purchasing Plaintiff's products in an effort to gain more market shares by forcing consumers to purchase the "Sunwarrior" branded products directly from SVL. By eliminating the secondary market created by Plaintiff, SVL obtained an economic advantage by direct sales that would  have otherwise gone to the secondary market rather than to their "authorized" channels of distribution.

Defendants thus, acted knowingly, willfully and maliciously with intent to injure Plaintiff.

73.     Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendants' false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

74.     Defendants' wrongful acts as alleged in this Complaint constitute false or misleading representation of fact, unfair competition and product disparagement under 15 U.S.C.§ 1125(a).

75.     The damage to Plaintiff's economic and reputational injuries were directly caused by Defendants' false and misleading representations.

76.     As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact, unfair competition and product disparagement, Plaintiff has been damaged (both in the form of lost sales and indirectly in the form of loss of goodwill/reputation) and is entitled to monetary relief in an amount to be determined at trial.

77.     As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact, unfair competition and product disparagement, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

78.    Defendants will continue their actions, constituting false or misleading representation of fact, unfair competition, and product disparagement, unless enjoined by this Court.

## COUNT III DEFAMATION

79.    Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-46 above.

80.    Through the submission of their IPC to third party Amazon, Defendants published false statements about the Plaintiff.

81.    Defendants' libelous writings are defamation *per se* because they tend to subject Plaintiff to distrust, ridicule, contempt, and disgrace, and are injurious to Plaintiff's trade and professional reputations.

82.    Defendants knew or should have known that the statements made to Amazon about Plaintiff would cause severe damage to Plaintiff's reputation, business opportunities, social relationships, career, and business.

83.    The false and defamatory statements were made by Defendants with actual malice because they either knew of their falsity or made the statements with reckless disregard of their truth or falsity.

84.    In making the defamatory statements, Defendants acted intentionally, maliciously, willfully, and with the intent to injure Plaintiff.

85.    Plaintiff has been harmed by the loss of the economic value in

goodwill and the reputation it has built over his many years as a seller on Amazon's online marketplace.

86.     As a result of Defendants' publication to a third party of a false statement about Plaintiff, Plaintiff has suffered damages in an amount to be determined at trial.

## DEMAND FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor on Counts I through III of its Second Amended Complaint against Defendants, and grant Plaintiff the following relief:

A.     An order declaring that Plaintiff did not does not infringe any purported intellectual property rights owned by SVL and associated with the products sold or offered for sale under the Accused Listing; nor did Plaintiff ever list counterfeit product as alleged in IPC.

B.     That Defendants and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be temporarily, preliminarily, and permanently enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in the following activities: 1) unfairly competing with

Plaintiff in any manner whatsoever; 2) making false or misleading representations relating to Plaintiff's products; and 3) causing a likelihood of confusion or injuries to Plaintiff's business reputation.

C.      The Defendants be required to account to Plaintiff for any and all profits derived by their acts of false or misleading representation of fact, unfair competition, and product disparagement complained of in this Second Amended Complaint.

D.      An award to Plaintiff against Defendants of such damages as are appropriate in view of Defendants' willful conduct and bad faith.

E.      An award to Plaintiff of the costs in this action including Plaintiff's reasonable attorneys' fees.

F.      That this Court enter a judgment that this is an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

G.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant.

H.      An award of taxable costs.

I. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action of all issues and claims triable by right of jury.

Dated this 19th day of May, 2023.

Respectfully submitted by,

By: */s/ Mark Schlachet*
Mark Schlachet, Esquire
**LAW OFFICES OF MARK SCHLACHET**
305 Broadway, Suite 700
New York, New York 10007
(216) 225-7559
New York Bar Reg. 3698586
Ohio Bar # 9881
markschlachet@me.com

*Attorney for Plaintiff*
*Pro Hac Vice Motion forthcoming*

By: */s/ Jesse Unruh*
Jesse Unruh, Esquire
Florida Bar # 93121
**SPIRE LAW, PLLC**
2752 W. State Road 426
Suite 2088
Oviedo, Florida 32765
(407) 494-0135
jesse@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

*Attorney for Plaintiff*