### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GLOBAL SUPPLIES NY, INC.,

     Plaintiff,

     v.

AARYN APRIL FULLER and
SUNWARRIOR VENTURES, LLC,

     Defendants.

Case No. 6:23-cv-926-GAP-RMN

### <u>ORDER</u>

This cause comes before the Court for consideration without oral argument on Mark Schlachet's Motion for Special Admission (Dkt. 6), filed May 25, 2023. Mr. Schlachet represents that he is a resident of Florida who is a member of the bars of Ohio and New York. Dkt. 6 at 1–2. Though he is a Florida resident, he offers his services from an office in New York. *Id*. at 4. Mr. Schlachet represents that he has not engaged in the regular practice of law in Florida and has appeared in only two cases in this state in the last thirty-six months. *Id*. at 2–3. Mr. Schlachet contends that, under former Local Rule 2.02, the Court should grant the motion. *Id*. at 2. Upon consideration, the motion will be denied for at least two reasons.

First, the Court has adopted a new set of Local Rules. In the currently applicable version of the Court's rules, Local Rule 2.01(c) authorizes lawyers who are not residents of Florida to appear in actions in the Middle District of Florida. In particular, a lawyer may apply for special admission to practice in this Court only if the lawyer is "not a Florida resident *and* [] not a member in good standing of The Florida Bar." Local Rule 2.01(c)(1) (emphasis added). The current rule therefore clarifies the ambiguity that Mr. Schlachet argues was present in the Court's former rule. The Court's current rule does not authorize special admission status for a Florida resident who is not a member of The Florida Bar.[1]

Second, Rule 4-5.5(b)(1) of the Rules Regulating The Florida Bar provides that a lawyer who is not admitted to practice in Florida may not establish an office or other regular presence in Florida for the practice of law. *Fla. Bar re Advisory Opinion-Out-of-State Att'y Working Remotely from Fla. Home*, 318 So. 3d 538, 541 (Fla. 2021). The Florida Supreme Court has explained that this rule does not apply to a lawyer "who simply establishes a residence in Florida and continues to provide legal work to out-of-state clients from his private Florida residence" because such a circumstance "does not

---

[1] But Local Rule 2.01(a) recognizes that lawyers who are employed by the United States or a public entity established by federal law may appear in this Court so long as doing so is within the course and scope of the lawyer's employment.

establish a regular presence in Florida for the practice of law." *Id.* at 542. Later,

the Florida Supreme Court clarified that a "lawyer licensed in another United

States jurisdiction does not have a regular presence in Florida for the practice

of law when the lawyer works remotely while physically located in Florida for

an extended period of time if the lawyer works *exclusively* on non-Florida

matters, and neither the lawyer nor any firm employing the lawyer hold out to

the public as having a Florida presence." *In re Amends. to Rule Regulating Fla.*

*Bar 4-5.5*, 334 So. 3d 1272, 1273 (Fla. 2022) (emphasis added). And so, Florida

courts appear to interpret the rule governing the unauthorized practice of law

to prohibit the appearance of lawyers in cases in this state who are Florida

residents.

For these reasons, the motion (Dkt. 6) is **DENIED**.

**DONE** and **ORDERED** in Or

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record